Mark V. Asdourian, Esq. (State Bar No. 123688)
Jamie L. Ackerman, Esq. (State Bar No. 258457)
MARK V. ASDOURIAN, PLC
450 Newport Center Drive, Suite 200
Newport Beach, California 92660
Telephone: 949.644.5300
Facsimile: 949.644.5301
E-Mail: mark@asdourianlaw.com

Attorney for Defendant,
WMC Mortgage, LLC

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA - FRESNO

| | |
|---|---|
| JUAN PLASCENCIA, an individual, DOLORES PLASCENCIA, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICA'S SERVICING COMPANY, a business entity unknown, NDEX WEST, LLC, a Texas limited liability company qualified to do business in California, and DOES 1-10, inclusive, <br><br> Defendants. <br><br> ——————————————————— <br><br> WELLS FARGO HOME MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A., DBA AMERICA'S SERVICING COMPANY, <br><br> Third-Party Plaintiff, <br><br> vs. <br><br> WMC MORTGAGE, and ROES 1-20, <br><br> Third-Party Defendant. | CASE NO. 1:08-cv-01309-AWI-SMS <br><br> WMC MORTGAGE, LLC'S ANSWER TO THIRD-PARTY COMPLAINT |

///

COMES NOW, Defendant, WMC Mortgage, LLC, the successor in interest to and erroneously sued herein as WMC Mortgage ("WMC") who, in response to the Third-Party Complaint filed by Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A., doing business as America's Servicing Company, admits, denies and alleges as follows:

## JURISDICTION

1. WMC admits that this Court has jurisdiction over the Third-Party Complaint by authority of Rule 14 of the Federal Rules of Civil Procedure. Except as so admitted, WMC denies the each and every one of the remaining allegations of paragraph 1 of the Third-Party Complaint.

## THE PARTIES

2. WMC admits paragraph 2 of the Third-Party Complaint.

3. WMC admits paragraph 3 of the Third-Party Complaint.

4. WMC lacks sufficient knowledge or information to admit or deny the allegations of paragraph 4 of the Third-Party Complaint and, by reason of the foregoing, denies paragraph 4 of the Third-Party Complaint in its entirety.

## FIRST CAUSE OF ACTION

5. WMC incorporates by this reference each and every admission and/or denial set forth in its answer to paragraphs 1 through and including 4 of the Third-Party Complaint to the same extent that Plaintiff has incorporated these allegations in paragraph 5 of the Third-Party Complaint.

6. WMC lacks sufficient knowledge or information to admit or deny the allegations of paragraph 6 of the Third-Party Complaint and, by reason of the foregoing, denies paragraph 6 of the Third-Party Complaint in its entirety.

7. WMC admits that on or about December 23, 2005, WMC made two loans to Plaintiffs in the amounts of $344,000.00 and $86,000.00. WMC further admits that on September 4, 2008, Plaintiffs filed a complaint for rescission and damages against, *inter alia*, Third-Party Plaintiff. Except as so admitted, WMC denies the each and every one of the remaining allegations of paragraph 7 of the Third-Party Complaint.

Mark V. Asdourian, Esq.
Attorney & Counsellor At Law
A Professional Corporation
450 Newport Center Drive, Suite 200
Newport Beach, California 92660
Telephone: 949.644.5300
Facsimile: 949.644.5301

1    8.    WMC admits paragraph 8 of the Third-Party Complaint.

2    9.    WMC denies each and every allegation contained in paragraph 9 of the Third-Party Complaint.

3

4    10.    WMC denies each and every allegation contained in paragraph 10 of the Third-Party Complaint.

5

6    11.    WMC denies each and every allegation contained in paragraph 11 of the Third-Party Complaint.

7

8    12.    WMC denies each and every allegation contained in paragraph 12 of the Third-Party Complaint.

9

## SECOND CAUSE OF ACTION

13.    WMC incorporates by this reference each and every admission and/or denial set forth in its answer to paragraphs 1 through and including 12 of the Third-Party Complaint to the same extent that Plaintiff has incorporated these allegations in paragraph 13 of the Third-Party Complaint.

14.    WMC denies each and every allegation contained in paragraph 14 of the Third-Party Complaint.

## THIRD CAUSE OF ACTION

15.    WMC incorporates by this reference each and every admission and/or denial set forth in its answer to paragraphs 1 through and including 14 of the Third-Party Complaint to the same extent that Plaintiff has incorporated these allegations in paragraph 15 of the Third-Party Complaint.

16.    WMC admits that in or about January, 2006, it sold the loans which are the subject of the Complaint to Morgan Stanley pursuant to the terms and conditions of a written agreement. Except as so admitted, WMC denies the each and every one of the remaining allegations of paragraph 16 of the Third-Party Complaint.

17.    WMC denies each and every allegation contained in paragraph 17 of the Third-Party Complaint.

///

Mark V. Asdourian, Esq.
Attorney & Counsellor At Law
A Professional Corporation
450 Newport Center Drive, Suite 200
Newport Beach, California 92660
Telephone: 949.644.5300
Facsimile: 949.644.5301

1  18. WMC admits that it made numerous representations and warranties in the agreement it entered into in or about January, 2006, by which it sold the loans which are the subject of the Complaint to Morgan Stanley. Except as so admitted, WMC denies the each and every one of the remaining allegations of paragraph 18 of the Third-Party Complaint.

19. WMC lacks sufficient knowledge or information to admit or deny the allegations of paragraph 6 of the Third-Party Complaint and, by reason of the foregoing, denies paragraph 6 of the Third-Party Complaint in its entirety.

20. WMC admits that Third-Party Plaintiff's counsel made written demand upon WMC for indemnity and to repurchase the loans by letter dated May 6, 2009. Except as so admitted, WMC denies the each and every one of the remaining allegations of paragraph 20 of the Third-Party Complaint.

21. WMC denies each and every allegation contained in paragraph 21 of the Third-Party Complaint.

22. WMC denies each and every allegation contained in paragraph 22 of the Third-Party Complaint.

**FOURTH CAUSE OF ACTION**

23. WMC incorporates by this reference each and every admission and/or denial set forth in its answer to paragraphs 1 through and including 22 of the Third-Party Complaint to the same extent that Plaintiff has incorporated these allegations in paragraph 23 of the Third-Party Complaint.

24. WMC admits that it made numerous representations and warranties in the agreement it entered into in or about January, 2006, by which it sold the loans which are the subject of the Complaint to Morgan Stanley. Except as so admitted, WMC denies the each and every one of the remaining allegations of paragraph 24 of the Third-Party Complaint.

///

25. WMC admits that in their Complaint, Plaintiffs allege that the Defendants violated the Truth in Lending Act. Except as so admitted, WMC denies the each and every one of the remaining allegations of paragraph 25 of the Third-Party Complaint.

26. WMC admits that Third-Party Plaintiff's counsel made written demand upon WMC to repurchase the loans and for indemnity by letter dated May 6, 2009. Except as so admitted, WMC denies the each and every one of the remaining allegations of paragraph 26 of the Third-Party Complaint.

27. WMC denies each and every allegation contained in paragraph 27 of the Third-Party Complaint.

## FIFTH CAUSE OF ACTION

28. WMC incorporates by this reference each and every admission and/or denial set forth in its answer to paragraphs 1 through and including 27 of the Third-Party Complaint to the same extent that Plaintiff has incorporated these allegations in paragraph 28 of the Third-Party Complaint.

29. WMC admits that there is a controversy between WMC and Third-Party Plaintiff concerning their respective rights and duties in connection with the allegations and claims liabilities arising out of Plaintiffs' Complaint. Except as so admitted, WMC denies the each and every one of the remaining allegations of paragraph 29 of the Third-Party Complaint.

30. WMC admits that the controversy between WMC and Third-Party Plaintiff concerning their respective rights and duties in connection with the allegations and claims liabilities arising out of Plaintiffs' Complaint should be adjudicated in one action. Except as so admitted, WMC denies the each and every one of the remaining allegations of paragraph 30 of the Third-Party Complaint.

## PRAYER FOR RELIEF

WMC denies that Third-Party Plaintiff is entitled to contribution, indemnity or the recovery of any damages, including, without limitation, attorney fees and costs by reasons of the Third-Party Complaint as requested in Third-Party Plaintiff's prayer.

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

1. The Complaint as well as the Third-Party Complaint and each and every cause of action thereof in which WMC is named fail to state facts sufficient to constitute a cause of action upon which relief can be granted against WMC.

**SECOND AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

2. Upon information and belief, the Plaintiffs as well as the Third-Party Plaintiff had a duty to mitigate their respective damages and by virtue of their respective failure to do so, Plaintiffs' and Third-Party Plaintiff's recovery should be barred or reduced in proportion to the degree by which Plaintiffs and Third-Party Plaintiff have failed to mitigate.

**THIRD AFFIRMATIVE DEFENSE**

(Laches)

3. The Complaint as well as the Third-Party Complaint and each and every cause of action thereof is barred on the grounds that on the grounds of laches.

**FOURTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

4. Each and every cause of action asserted by Plaintiffs in the Complaint as well as Third-Party Plaintiff in the Third-Party Complaint is respectively barred by the applicable statutes of limitations including, by way of example and not limitation, 15 U.S.C. §§1635(f) and 1640(e).

**FIFTH AFFIRMATIVE DEFENSE**

(Estoppel)

5. The Complaint as well as the Third-Party Complaint and each and every cause of action thereof fails to state a claim against WMC on the grounds that Plaintiffs and Third-Party Plaintiff should be equitably estopped from obtaining any of the relief set forth in their respective pleadings.

Mark V. Asdourian, Esq.
Attorney & Counsellor At Law
A Professional Corporation
450 Newport Center Drive, Suite 200
Newport Beach, California 92660
Telephone: 949.644.5300
Facsimile: 949.644.5301

**SIXTH AFFIRMATIVE DEFENSE**

(Performance Excused)

6. The Complaint as well as the Third-Party Complaint and each and every cause of action thereof fails to state a claim against WMC on the grounds that WMC's performance was excused by reason of Plaintiffs' breach of the terms of the subject promissory note and deed of trust and Third-Party Plaintiff's breach of any contract upon which the Third-Party Complaint is based.

**SEVENTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

7. The Complaint as well as the Third-Party Complaint and each and every respective cause of action thereof fails to state a claim against WMC by the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

(Failure of Consideration)

8. To the extent the contract alleged in the Third-Party Complaint is enforceable, WMC alleges that there was failure of consideration on the part of Third-Party Plaintiff and thus WMC's performance under such contract was excused.

**NINTH AFFIRMATIVE DEFENSE**

(Failure of Performance)

9. To the extent the contract alleged by Third-Party Plaintiff in the Third-Party Complaint is enforceable, WMC alleges that its performance under any contract entered into with Third-Party Plaintiff was excused by reason of Third-Party Plaintiff's breach.

**TENTH AFFIRMATIVE DEFENSE**

(Waiver)

10. The Complaint as well as the Third-Party Complaint and each and every respective cause of action thereof is barred on the grounds of waiver.

///

## ELEVENTH AFFIRMATIVE DEFENSE

(Privilege and Justification)

11. The Complaint as well as the Third-Party Complaint and each and every respective cause of action thereof is barred by reason of the fact that WMC's conduct was at all times privileged and justified.

## TWELFTH AFFIRMATIVE DEFENSE

(Contributory Negligence)

12. The Complaint as well as the Third-Party Complaint and each and every respective cause of action thereof is barred on the grounds that Plaintiffs and Third-Party Plaintiff each failed to exercise the proper due diligence before entering into the agreements alleged in their respective pleading and, as such, contributed and/or is solely responsible for any damages he allegedly suffered and should therefore be denied any legal or equitable relief.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Assumption of Risk)

13. Plaintiffs and Third-Party Plaintiff had full knowledge of all facts alleged in the Complaint and Third-Party Complaint and knew and appreciated any risks associated therewith. Plaintiffs and Third-Party Plaintiff freely and voluntarily assumed said risks, and their respective assumption of such risks is the sole and proximate cause of any injuries or damages they respectively allegedly suffered.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Bona Fide Encumbrancer)

14. The Complaint as well as the Third-Party Complaint and each and every respective cause of action thereof fails to state a claim against WMC on grounds that it is a bona fide encumbrancer.

///

Mark V. Asdourian, Esq.
Attorney & Counsellor At Law
A Professional Corporation
450 Newport Center Drive, Suite 200
Newport Beach, California 92660
Telephone: 949.644.5300
Facsimile: 949.644.5301

### FIFTEENTH AFFIRMATIVE DEFENSE

(Failure to Tender)

15. In order to obtain rescission under any of the causes of action of the Complaint, Plaintiffs are required to tender as a matter of law. *See, Yamamoto v. Bank of New York*, 329 F.3d 1167 (9th Cir. 2003) *cert. denied*, 540 U.S. 1149 (2004) and *Karlsen v. American Savings and Loan Association*, (1971) 15 Cal.App.3d 112. Plaintiffs have failed to do so and is therefore barred from seeking rescission.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Lack of Standing)

16. The Complaint as well as the Third-Party Complaint and each and every respective cause of action thereof as well as any relief respectively sought thereunder is barred on the grounds that Plaintiffs and Third-Party Plaintiff do not have any standing to bring a claim against WMC.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Intervening/Superceding Cause)

17. The Complaint as well as the Third-Party Complaint and each and every respective cause of action thereof is barred on the grounds that any losses or damages allegedly sustained by Plaintiffs and/or Third-Party Plaintiff were proximately caused by or contributed to, in whole or in part, intervening and/or superceding acts, errors or omissions of third parties, events or circumstances.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Additional Defenses)

18. By virtue of the fact that discovery has yet to be initiated, WMC reserves the right to interpose additional affirmative defenses as may be discovered during the course of discovery in this action. Furthermore, WMC hereby incorporates by this reference and asserts each affirmative defense set forth in Rule 8(c) of the Federal Rules of Civil Procedure and further reserves the right to amend this answer and assert any one, more or all of the affirmative defenses set forth in said rule.

Mark V. Asdourian, Esq.
Attorney & Counsellor At Law
A Professional Corporation
450 Newport Center Drive, Suite 200
Newport Beach, California 92660
Telephone: 949.644.5300
Facsimile: 949.644.5301

**WHEREFORE,** WMC prays as follows:

19. That Third-Party Plaintiff be denied any relief by reason of the Third-Party Complaint;
20. That WMC be awarded judgment in its favor;
21. That WMC be awarded its reasonable attorneys fees, in an as yet undetermined amount, according to proof;
22. That WMC be awarded its costs of suit incurred herein; and,
23. For such other and further relief as this Court may deem just and proper.

DATED: December 1, 2009        MARK V. ASDOURIAN, PLC

By: /s/Mark V. Asdourian
   Mark V. Asdourian, Esq.
   Attorneys for Defendant,
   WMC Mortgage, LLC

Mark V. Asdourian, Esq.
Attorney & Counsellor At Law
A Professional Corporation
450 Newport Center Drive, Suite 200
Newport Beach, California 92660
Telephone: 949.644.5300
Facsimile: 949.644.5301

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the City of Newport Beach, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is: Mark V. Asdourian, Attorney & Counselor At Law, A Professional Corporation, 450 Newport Center Drive, Suite 200, Newport Beach, California, 92660.

    On December 1, 2009, I served a copy of the document(s) named below on the parties interested in this action.

DOCUMENT(S) SERVED: **WMC MORTGAGE, LLC'S ANSWER TO THIRD-PARTY COMPLAINT.**

**[X]**  By placing [ ] the original [X] a true and correct copy thereof in a sealed envelope addressed as follows:

| | |
|---|---|
| John W. Villines, Esq.<br>JV Law<br>P.O. Box 580049<br>Modesto, CA 95354<br>Email: john@jvlaw.net | Steven M. Dailey, Esq.<br>Kutak Rock, LLP<br>18201 Von Karman Avenue, Suite 1100<br>Irvine, CA 92612<br>Email: steven.dailey@kutakrock.com |

**[X]**  **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U. S. Postal Service on that same day with First Class postage, thereon fully prepaid at **Newport Beach, California** in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]**  **BY EMAIL:** I electronically transmitted the document(s) identified above to the email address(es) of the persons setforth above from my email address of mva-esq@pacbell.net. To the best of my knowledge, the transmission was successful.

**[X]**  **FEDERAL:** I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on **December 1, 2009,** at Newport Beach, California.

By: /s/Mark V. Asdourian, Esq.